Tammy Hussin, Esq. (Bar No. 155290)
Lemberg Law, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Dylan Gardner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Dylan Gardner,<br><br>               Plaintiff,<br><br>     vs.<br><br>CBE Group, Inc.; and DOES 1-10,<br>inclusive,<br><br>               Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE**<br>**TELEPHONE CONSUMER**<br>**PROTECTION ACT, 47 U.S.C. § 227,**<br>*ET. SEQ;*<br>**2. VIOLATION OF BUSINESS &**<br>**PROFESSIONS CODE § 17200,** *ET.*<br>*SEQ.*<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Dylan Gardner, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and violation of California Business & Professions Code § 17200, *et. seq.*("UCL").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Dylan Gardner (hereafter "Plaintiff"), is an adult individual residing in Redding, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      The Defendant, CBE Group, Inc. (hereafter "CBE"), is a company with an address of 1309 Technology Parkway, Cedar Falls, Iowa 50613, and is a "person" as defined by 47 U.S.C. § 153(10).

6.      Does 1-10 (the "Agents") are individual employees and/or agents employed by CBE and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      CBE at all times acted by and through one or more of the Agents.

**FACTS**

8.      Within the last year, CBE called Plaintiff on his cellular telephone in an attempt to collect a debt belonging to someone other than Plaintiff (the "Debtor").

9.      Plaintiff does not know the Debtor and is in no way responsible for the Debt.

10.      When Plaintiff answered the calls, CBE used an automated voice to deliver a message in Spanish intended for the Debtor.

11.      Other times when Plaintiff answered CBE's calls, he was met with dead air, and after saying hello several times, CBE would terminate the call without transferring Plaintiff to a live representative with whom he could tell to stop calling.

12.      On several occasions, Plaintiff called CBE in an attempt to get the calls to stop, however, the calls from CBE continued at an annoying and harassing rate.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, _et seq._**

13.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.      Without prior consent, CBE contacted Plaintiff on his cellular telephone using an automated telephone dialing system and by using a prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

15.      CBE's telephone equipment has the capacity to store numbers in a random and sequential fashion, and uses the equipment to place automated calls.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16.     CBE has been called to defend itself against a substantial amount of litigation wherein it is alleged CBE violated the TCPA. CBE is aware of the prohibitions of the TCPA and yet repeatedly contacted Plaintiff in knowing violation thereof. As such, CBE placed calls to Plaintiff in knowing and/or willful violation of the TCPA and Plaintiff is entitled to treble damages of up to $1500 per call pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by CBE was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from CBE to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

21.     California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

1
2
3

22.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

4
5
6
7
8

23.     The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

9
10
11
12

24.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

13
14
15

25.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

16
17
18
19

26.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

20
21
22

## COUNT III
## VIOLATION OF BUSINESS AND PROFESSIONS CODE
## SECTION 17200 *ET. SEQ.*

23
24
25

27.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26
27
28

5

1
2
3
4

28.     CBE engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq*. ("UCL").

5
6
7
8

29.     A business practice is "unlawful" if it violates an underlying state or federal statute or common law. CBE is in violation of the B&P Code by violating the TCPA.

9
10
11

30.     By violating the TCPA and invading Plaintiff's right to be free from unwanted invasions, CBE caused injury to Plaintiff.

12
13
14
15
16

31.     Based on a multitude of other litigation against CBE and a plethora of consumer complaints for unwanted calls, CBE engages in a systematic and regular practice of violating the TCPA, thereby repeatedly invading the privacy rights of many other California residents and causing injury to them all.

17
18
19
20

32.     By engaging in this repeated conduct, CBE engages in unfair business practices in violation of the UCL, and should be enjoined by the Court from engaging in further violations of the TCPA for all residents of the state of California.

21
22

**PRAYER FOR RELIEF**

23
24

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

25
26
27
28

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

6

B.  As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C.  An Order from the Court enjoining CBE from violating the TCPA and invading the privacy of all California residents;

D.  Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the UCL;

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 23, 2014                          TAMMY HUSSIN

By: _/s/   Tammy Hussin_
Tammy Hussin, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Dylan Gardner

7